MATTER OF JOHN

In Section 223 Reentry Permit Proceedings

A-17777192

*Decided by Regional Commissioner June 10, 1980*

Applicant who had been admitted to the United States as a lawful permanent resident and who subsequently was absent for extended periods while performing missionary work in India for a recognized United States religious denomination, did not interrupt his lawful residence status and is eligible for reentry permit under section 223 of the Immigration and Nationality Act, 8 U.S.C. 1203.

ON BEHALF OF PETITIONER: Robert Gilbert
Baptist Mid-Missions
4205 Chester Avenue
Cleveland, Ohio 44103

This matter is before me on appeal from the District Director's July 30, 1979, denial of the application for issuance of a permit to reenter the United States. The appeal will be sustained.

The District Director found that because his extended absences as a missionary to India could not be viewed as temporary, the applicant could not qualify as a returning resident. In reaching his determination, the District Director sought to match the applicant's situation with the statutory definition of residence at section 101(a)(33) of the Immigration and Nationality Act, 8 U.S.C. 1101(a)(33), as amended, holding that the applicant's "actual dwelling place in fact, without regard to intent" was India, not the United States and that the applicant could not, therefore, be considered a lawful permanent resident of the United States.

I find a critical flaw in the District Director's reasoning. First, although the District Director compared the applicant's circumstances with the statutory definition of residence, he omitted another very important term defined by the Act at 101(a)(20): the term "lawfully admitted for permanent residence," which "means the status of having been lawfully accorded the privilege of residing permanently in the United States as an immigrant in accordance with the immigration law, such status not having changed."

The applicant most certainly meets the first condition imposed by the above definition—he has been lawfully admitted for permanent residence. Has his status changed? To answer this query we must look to other sections of the Act. Section 317 of the Act, which relates specifically to the question of retention of residence for the purposes of naturalization, provides for a finding that a lawful resident missionary whose absence from the United States has been solely for the purposes of performing ministerial functions of a religious denomination "shall be considered as being physically present in the United States for the purpose of naturalization within the meaning of section 316(a), not withstanding any such absence from the United States . . . ." While the matter at hand treats the question of retention of lawful permanent resident status rather than naturalization residence requirements, I believe the point has been made. It would be utterly inconsistent to hold on the one hand that the applicant's presence in India as a missionary for a recognized United States religious denomination is meaningfully interruptive of his lawfully permanent status, while on the other hand positing that absences for this reason are not only *not* interruptive of lawful residence status, but are actually considered as physical *presence in the United States* for naturalization purposes.

For the sake then of assuring consistency between Titles II and III of the Immigration and Naturalization Act, I conclude that the applicant's status has not changed, that he continues to be an alien lawfully admitted for permanent residence, and that he is, therefore, eligible for issuance of the reentry permit he seeks.

ORDER: The appeal is sustained.